**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BRENNA MCLAIN )<br><br>Plaintiff, )<br><br>v. )<br><br>TRANS UNION, LLC, and EQUIFAX )<br>INFORMATION SERVICES LLC )<br><br>Defendants. ) | Civil Action No. |

**COMPLAINT**

**PRELIMINARY STATEMENT**

    1.    This is an action for damages brought by individual consumer, Brenna McLain, against Defendants for violations of the Fair Credit Reporting Act (hereinafter the "FCRA"), 15 U.S.C. §§ 1681, *et seq*.

**THE PARTIES**

    2.    Plaintiff Brenna McLain is an adult individual residing in Covington, Texas.

    3.    Defendant, Trans Union, LLC (hereafter "Trans Union"), is a business entity which regularly conducts business in the Eastern District of Pennsylvania and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, PA 19022.

    4.    Defendant Equifax Information Services, LLC (hereafter "Equifax") is a business entity that regularly conducts business in the Eastern District of Pennsylvania, and which has a principle place of business at 6 Clementon Road, East, Suite A2, Gibbsboro, New Jersey 08026.

**JURISDICTION & VENUE**

    5.    Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331..

6.      Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

7.      Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information") since at least June 2014 through the present.

8.      The inaccurate information includes, but is not limited to, accounts with Credit Systems International, Integrity Solution Services, Bank of America, Texas Guaranteed Student, Edfinancial North Texas, Discover Student Loans and Panhandle Plains and other personal information that does not belong to Plaintiff.

9.      The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.  The inaccurate information consists of accounts and/or tradelines that do not belong to the Plaintiff, and that actually belong to another consumer.  Due to Defendants' faulty procedures, Defendants mixed the credit file of Plaintiff and that of another consumer with respect to the inaccurate information and other personal identifying information.

10.      Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

11.      Plaintiff's credit reports and file have been obtained from Defendants and have been reviewed many times by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving many different credit offers and opportunities, known and unknown, and from

receiving the most favorable terms in financing and interest rates for credit offers that were ultimately made.

12.     As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress.

13.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

14.     At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT I – ALL DEFENDANTS
## VIOLATIONS OF THE FCRA

15.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

16.     At all times pertinent hereto, Defendants were "persons" and "consumer reporting agencies" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

17.     At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

18.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

19.     Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendants are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a credit reporting agency pursuant to 15 U.S.C. §§ 1681e(b).

20.     The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants are liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation.

## JURY TRIAL DEMAND

21.     Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a)     Actual damages;

(b)     Statutory damages;

(c)     Punitive damages;

(d)     Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n, and 1681o; and

5

(e)    Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

**FRANCIS & MAILMAN, P.C.**

BY:    _/s/ Mark Mailman_
           MARK MAILMAN, ESQUIRE
           GREGORY GORSKI, ESQUIRE
           Land Title Building, 19th Floor
           100 South Broad Street
           Philadelphia, PA 19110
           (215) 735-8600

           Attorneys for Plaintiff

Dated: October 10, 2014